UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

SHARON H.,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.

No. 5:21-CV-167-H

**ORDER ACCEPTING THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

United States Magistrate Judge Lee Ann Reno made Findings, Conclusions, and a Recommendation (FCR) in this case on April 29, 2022. Dkt. No. 24. Judge Reno recommended that the Court affirm the Commissioner of Social Security's decision to deny the plaintiff's application for disability benefits and supplemental security income. *Id.* at 1. The plaintiff objected to that recommendation on the grounds that Judge Reno failed to show that the Administrative Law Judge's conclusion sufficiently explained how he evaluated the supportability and consistency factors when evaluating a treating physician's medical opinions. Dkt. No. 25 at 1. Having reviewed de novo the objected-to parts of Judge Reno's FCR, the Court concludes that the objections are meritless, so they are overruled. The FCR (Dkt. No. 24) is adopted in full, and the ALJ's hearing decision is affirmed.

**1.  Procedural History**

The plaintiff applied for disability insurance benefits and supplemental security income on March 5, 2019, alleging disability due to high blood pressure, a herniated disc, and a pinched nerve. Dkt. No. 14-1 at 15; 67. Her application was denied in July 2019 and,

again, on reconsideration in October 2019. *Id.* at 15; 73–74, 85–86. Upon the plaintiff's request, a telephonic hearing was held regarding her application, in which the plaintiff, her attorney, and a vocational expert testified. *Id.* at 15; *see id.* at 31–56 (hearing transcript). The ALJ considered the evidence before him and, in January 2021, the ALJ issued his decision, concluding that: (1) the plaintiff had not engaged in substantial gainful activity since the alleged date of the onset of her conditions on January 13, 2018; (2) the plaintiff suffered from severe impairments that included obesity, degenerative disc disease, hypertension, chronic pain syndrome, left carpal tunnel syndrome, right elbow disorder, and transient ischemic attack; and (3) these severe impairments—combined or otherwise—did not meet and were not equivalent to an impairment listed in Appendix 1 of the social security regulations. Dkt. No. 14-1 at 17–19. Then, based on the record, the ALJ determined that the plaintiff had the following residual functional capacity (RFC):

> [T]he claimant has the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit for about 6 hours during an eight-hour workday and can stand and walk for about 6 hours during an eight-hour workday. The claimant can frequently climb ramps/stairs, kneel, and crawl. The claimant can occasionally stoop and crouch. The claimant cannot climb ladders, ropes, or scaffolds. The claimant can occasionally reach overhead. The claimant can frequently handle and finger with her left (non-dominant) upper extremity.

*Id.* at 20.

Based on this RFC determination, the ALJ found that the plaintiff was capable of performing her past relevant work as an automatic carwash attendant. *Id.* at 24. Accordingly, the ALJ found the plaintiff was not disabled from the alleged date of the onset of the plaintiff's conditions on January 13, 2018, to the date of the decision on January 12, 2021. *Id.* at 24–25. After the ALJ's decision, the plaintiff requested review by the Social Security Appeals Council, which denied her request in June 2021. *Id.* at 5–9.

Invoking 42 U.S.C. § 405(g), the plaintiff timely appealed to this Court for review of the Commissioner's decision to deny her application for disability insurance benefits and supplemental security income. Dkt. No. 1. The matter was automatically referred to Magistrate Judge D. Gordon Bryant and, later, to Magistrate Judge Lee Ann Reno. Dkt. No. 2. After the Commissioner filed an answer (Dkt. No. 12) and the administrative record was filed (Dkt. No. 14), the plaintiff filed her brief seeking vacatur of the Commissioner's final decision and remand for further administrative proceedings. Dkt. No. 21 at 20. The Commissioner responded in defense of the ALJ's decision to deny the plaintiff SSI benefits. Dkt. No. 22. And the plaintiff replied. Dkt. No. 23.

Judge Reno then issued findings, conclusions, and a recommendation that the ALJ's decision be affirmed. Dkt. No. 24. The plaintiff filed timely objections (Dkt. No. 25), and the Commissioner failed to respond to the objections, so the FCR is ripe for review.

2.  **Standard of Review**

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). By contrast, the district judge reviews any unobjected-to proposed findings, conclusions, and recommendations only for plain error. *Portwood v. Schneider & McKinney P.C.*, No. 3:20-CV-03344-X, 2020 WL 7056302, at *1 (N.D. Tex. Dec. 2, 2020) (Starr, J.). The Court need not review an FCR de novo if a party's objections are merely recitations of arguments already made to and rejected by the magistrate judge. *See Nolen-Davidson v. Comm'r, Soc. Sec. Admin.*, No. 4:20-CV-1085-P, 2021 WL 4476763, at *1 (N.D. Tex. Sept. 30, 2021) (Pittman, J.).

Just because the Court's review of the Magistrate Judge's FCR is de novo does not mean its review of the Administrative Law Judge's decision is, too. "[S]ubstantial evidence" is the name of the game when reviewing an ALJ's determination. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). Indeed, the Court's "review of Social Security disability cases is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the [ALJ] applied the proper legal standard." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citation and internal quotations omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see Copeland*, 771 F.3d at 923 ("Substantial evidence is more than a mere scintilla and less than a preponderance." (internal quotation marks omitted)). The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995).

Additionally, when reviewing an eligibility determination, "[a] court will reverse the ALJ's decision as not supported by substantial evidence if the claimant shows that [] the ALJ failed to fulfill his duty to develop the record adequately." *Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) (citing *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996)). But the Court does not hold the ALJ to procedural perfection, and the Court will reverse the ALJ's decision for failure to adequately develop the record only if that failure prejudiced the plaintiff. *Id.* at 733. "To establish prejudice, a claimant must show that he 'could and

would have adduced evidence that might have altered the result.'" *Brock*, 84 F.3d at 728 (quoting *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984)).

In short, a court's review of an ALJ's decision to approve or deny benefits is deferential. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). The Court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [its] judgment for that of the [ALJ], even if the evidence preponderates against the [ALJ's] decision." *Id.* (quoting *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988)). "Conflicts in the evidence are for the [ALJ] and not the courts to resolve." *Id.* (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

### 3. Analysis

The plaintiff's objects to the Magistrate Judge's finding that "the ALJ sufficiently explained how he considered [the] supportability and consistency factors when evaluating Dr. Collie's medical opinions." Dkt. No. 25 at 1. After reviewing the objections de novo, the Court finds them meritless.

#### A. Supportability and consistency are two factors an ALJ must consider in weighing medical opinion evidence.

20 C.F.R. §§ 404.1520c(a) and 416.920c(a) provide that an ALJ need "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." Instead, an ALJ considers five factors with regards to sources of medical opinions and prior administrative medical findings: supportability, consistency, relationship with the claimant, specialization, and other factors, such as familiarity with the other evidence in the claim or an understanding of disability policies and evidentiary requirements. § 416.920c(c). And the most important of these factors are supportability and consistency. § 416.920c(b)(2).

Supportability evaluates how "relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)." § 416.920c(c)(1). "In articulating how they considered the supportability factor, ALJs may note that the physician's own treatment notes do not support the physician's opinion, that the physician's opinion stems from a checklist, [and] that the physician did not consider certain evidence, did not examine the claimant, or did or did not provide a detailed explanation for opinion. *Starman v. Kijakazi*, No. 2:20-CV-00035-SRC, 2021 WL 4459729, at *4 (E.D. Mo. Sept. 29, 2021) (citations omitted) (collecting sources); *Hubbard v. Comm'r of Soc. Sec.*, No. 4:20-CV-00588-BP, 2022 WL 196297, at *4 (N.D. Tex. Jan. 21, 2022) (noting the lack of treatment notes supporting a doctor's opinion). So supportability looks internally to the bases presented by the medical opinion itself. *See* Dkt. No. 21 at 14.

On the other hand, consistency evaluates the degree to which a medical opinion is in agreement "with the evidence from other medical sources and nonmedical sources in the claim." § 416.920c(c)(2). Consistency has been described as an "an all-encompassing inquiry focused on how well a medical source" agrees with other sources in "the entire record." *Vellone ex rel Vellone v. Saul*, No. 1:20-CV-00261 (RA) (KHP), 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021), *report and recommendation adopted*, No. 20-CV-261 (RA), 2021 WL 2801138 (S.D.N.Y. July 6, 2021); *Shugart v. Kijakazi*, No. 3:21-CV-00007, 2022 WL 912777, at *3 (S.D. Tex. Mar. 29, 2022). So consistency is an external inquiry that juxtaposes a medical opinion to other evidence in the record, including opinions of other medical professionals. *See Hubbard*, 2022 WL 196297, at *4 (comparing a doctor's opinion to that of two state agency medical consultants).

B.  **The ALJ sufficiently explained how he considered supportability when evaluating Dr. Collie's opinion.**

The plaintiff asserts that the ALJ discredited Dr. Collie's opinion with "no mention . . . of specific evidence from Dr. Collie that would undermine any particular limitation in the opinion." Dkt. No. 25 at 1. This is false. The ALJ cited examinations by Dr. Collie in February 2020 that indicated the plaintiff had no issues with motor function or sensory loss. Dkt. No. 14-1 at 23, 490, 497. And the ALJ noted the lack of workups, aside from a single brain MRI showing white matter disease, supporting the plaintiff's claims for left side paresthesia and weakness, despite her history of transient ischemic attacks in September 2018. *Id.* at 23–24. Specifically, the ALJ cited Dr. Collie's examination of CT and MRI scans of the plaintiff, which the doctor opined were normal and not supportive of the apparent ataxic/antalgic gait of the plaintiff and weakness in her left side. *Id.* at 22; 503–04 (noting the CT was normal); 508 (noting MRI, MRA, and CT images were normal without any complications).

Contrary to the plaintiff's assertions, the ALJ identified specific tests relied upon by Dr. Collie in forming his opinion and found that Dr. Collie's opinion was not supported by the evidence. The Court finds that the ALJ sufficiently considered the supportability factor and had substantial evidence to discredit Dr. Collie's opinion based on test results that did not support it.

C.  **The ALJ adequately evaluated the consistency of Dr. Collie's opinion with other evidence in the record.**

Next, the plaintiff asserts that the ALJ inadequately explained how he considered the consistency of Dr. Collie's opinion with other evidence in the record. Dkt. No. 25 at 1. The ALJ noted that Dr. Collie opined "that the claimant could rarely lift and carry 10 pounds;

sit for 2 hours in an 8-hour workday; stand and walk for 1 hour in an 8-hour workday; [and] be off task 25% or more in a workday and absent 4 days per month due to symptoms." *See* Dkt. No. 14-1 at 23, 940–41, 1146, 1148. And the ALJ found this opinion inconsistent with (1) Dr. Collie's other medical statements during the relevant period, which stated the plaintiff had no issues with motor function or sensory loss (*Id.* at 490, 497); (2) other doctors' medical statements that the plaintiff had no musculoskeletal or neurological issues and a normal range of movement (*Id.* at 1050); and (3) the plaintiff's report that she could perform a variety of daily activities (*Id.* at 237–241). *Id.* at 23. So the ALJ duly evaluated the consistency of Dr. Collie's medical opinions with the record as a whole.

Dr. Collie's medical opinions did not cite any impairment in motor function or sensory loss until May, June, and July 2020. *Id.* at 503, 509–10, 1142, 1147–48. In these examinations, Dr. Collie noted that the plaintiff had a decreased musculoskeletal function and noted her spinal issues for the first time. *Id.* Nonetheless, Dr. Collie admitted that all of the plaintiff's "imaging results were normal without any complications." *Id.* at 508. Given the apparent discrepancy with Dr. Collie's later opinions with test results, as well as his prior opinions and those of other medical professionals, the ALJ properly noted the inconsistencies to accord Dr. Collie's opinion less weight.

The ALJ also mentioned that "Dr. Collie's opinion is inconsistent with his recent decision to treat the claimant's cervical disc disease conservatively" using therapy and medication instead of surgery. *Id.* at 23, 1143. While the ALJ failed to consider that that the plaintiff did not have medical insurance, he did note that the plaintiff declined a neurosurgery consultation at a visit with Dr. Collie. *Id.* at 22–23, 1143. So, contrary to the plaintiff's assertions (Dkt. No. 25 at 3), the ALJ did consider the fact that Dr. Collie

determined the condition was serious enough to warrant recommending a neurosurgical referral to the plaintiff.

Lastly, the ALJ juxtaposed Dr. Collie's opinions with those of Drs. Reddy and Santiago, who "opined the claimant could perform light exertion work with frequent and occasional postural activities." *Id.* at 23. He found the opinions of Drs. Reddy and Santiago persuasive based on the Section 416.920c(c) factors, whereas he found Dr. Collie's opinion unpersuasive due to inconsistencies and the lack of evidentiary support. *See id.* at 22–23. The Court finds that the ALJ sufficiently considered the consistency factor and had substantial evidence to discredit Dr. Collie's opinion based on contrary evidence in the record.

*    *    *

Having reviewed the objected-to portions of the FCR de novo, the Court finds that the ALJ's decision is supported by substantial evidence for all the reasons set forth above, as well as for the reasons explained by the Commissioner in her briefing and by the Magistrate Judge in her FCR. No objections were made beyond those cited above. And no plain error exists elsewhere in the FCR, so it is adopted in full. The Commissioner's decision to deny the plaintiff's application for disability insurance and SSI benefits is affirmed in all respects.

So ordered on August 31, 2022.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE